**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4231**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

REBA MARCELLE MYERS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:16-cr-00052-GMG-RWT-1)

_____

Submitted:  September 7, 2017                Decided:  September 14, 2017

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert C. Stone, Jr., ROBERT C. STONE, JR., PLLC, Martinsburg, West Virginia, for Appellant.  Randolph J. Bernard, Shawn, M. Adkins, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reba Marcelle Myers pleaded guilty to tax evasion, in violation of 26 U.S.C. § 7202 (2012). The district court sentenced Myers to one year and one day of imprisonment, and she now appeals. For the reasons that follow, we affirm.

On appeal, Myers argues that her counsel rendered ineffective assistance during the plea negotiations and at sentencing. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

However, we will address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Here, there is no conclusive evidence of ineffective assistance on the face of the record and we conclude that Myers' claims should not be addressed at this time.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*